# NEWPORT COUNTY.

PETITION OF LOUIS L. LORILLARD *et al.* for an Opinion of the Court.

Pub. Stat. R. I. cap. 182, § 1, permits a testator to devise after acquired realty, "provided his intention to devise the same appears by the express terms of his will."

W., by one clause of his will, devised two specified parcels of realty to L.

*Held*, that this devise did not include a third parcel purchased by W. after the will was executed, though adjacent to one of the two parcels devised, and improved and used in connection with it.

W., by the residuary clause of his will, devised "all the residue of my estate, real and personal, which may belong to me in my own right at the time of my decease."

*Held*, that the third parcel above spoken of passed under this residuary clause.

CASE STATED for an opinion of the court under Pub. Stat. R. I. cap. 192, § 23.

Catharine Lorillard Wolfe, of New York, by her last will made devises and bequests as follows :

" *Twelfth.* With regard to the two parcels of land which I

have recently purchased at Newport, one from the executors and trustees of the will of William Beach Lawrence, and the other from Pierre Lorillard and wife, as by the deeds thereof to me will appear, I give and devise the same, with all the buildings and improvements which may exist thereon at the time of my decease, to my cousin, Louis L. Lorillard, and his heirs and assigns forever. And therewith I also give and bequeath to him all the furniture, linen, books, pictures, and household goods and stores which may be or belong in the dwelling upon said premises at the time of my decease ; and also all horses, carriages, and sleighs, and their equipment, and farming and gardening implements and domestic animals, which may then be on said place (not including, however, in this bequest any silver or other plate, nor wearing apparel or private papers, nor other articles in this my will elsewhere disposed of) ; and hoping that my cousin will use and occupy said place as his summer residence, although it may be an expensive one to maintain and keep in order, I therefore give and bequeath to him the sum of two hundred and fifty thousand dollars ; and I also give to my said cousin, Louis L. Lorillard, all articles ordered by me for the decoration and furnishing of the dwelling and place hereby devised (if any remain undelivered at the time of my decease), including, among other things, any rugs, tapestries, or stained glass which may have been ordered by me for those purposes." . . .

" *Nineteenth*. With regard to all the rest and residue of the estate, real and personal, which may belong to me in my own right at the time of my decease, and whether derived to me by purchase, gift, or devise, I give, devise, and bequeath the same in equal shares absolutely and forever to such of the following cousins of mine on the part of both my father and mother as may survive me, that is to say." . . .

The will was dated and executed February 14, 1884. Afterwards, May 29, 1884, the testatrix purchased of Pierre Lorillard a tract of land adjoining that mentioned in the twelfth clause of her will as purchased of Pierre Lorillard and wife, and on these two tracts purchased from the Lorillards she built a continuous series of substantial buildings, containing a gardener's house, stables, hen house, and tool sheds. These buildings were partly on

one tract and partly on the other, and were used in connection with her house situated on the land bought of the executors and trustees of Lawrence.

The present petition was filed on a case stated by Louis L. Lorillard and the executors of the testatrix, asking the court whether the lot purchased May 29, 1884, by the testatrix, passed to Louis L. Lorillard under the twelfth clause of her will.

By the terms of the will, the executors were to equalize residuary gifts, taking into consideration the specific devises made.

*Providence, June* 23, 1888. PER CURIAM. Our opinion is that the parcel of land purchased by Catharine L. Wolfe on the 29th of May, A. D. 1884, did not pass under the twelfth clause of her will, but that it did pass under the nineteenth clause as a part of the residuary estate, said nineteenth clause extending in express terms to real property belonging to the testatrix in her own right at the time of her decease. The parcel was purchased after the will was made, and therefore could not pass by it unless by virtue of the statute, Pub. Stat. R. I. cap. 182, § 1, the familiar rule of the common law being that, in order to pass real estate by will, the testator must be seized of it when he makes the will. Our statute empowers a testator to devise after acquired real estate, " provided his intention to devise the same appears by the express terms of the will." In *Church* v. *Warren Manfacturing Co.* 14 R. I. 539, this court held that " the proper construction of our statute requires that the intention appear in direct and explicit terms on the face of the will." The twelfth clause devises two parcels of land " recently purchased at Newport " by the testatrix, which of course means two parcels which she had previously acquired, and it contains no " express terms " from which it appears that it was her intention to devise still a third parcel to be subsequently acquired. We do not think there would be any question but that the devise included only the two parcels which the testatrix then had, if she had not purchased one of said parcels from the same person from whom she subsequently purchased the third parcel, and had not afterwards erected a valuable building partly on both of the two latter parcels, which were contiguous and formerly constituted a single tract, since it is natural to suppose that she must have intended the building for use as a whole in connec-

tion with the real estate devised by the twelfth clause. Admitting this, however, it does not follow that she had this intention when she made her will. She may have formed it after purchasing the third parcel, and have intended to make it effectual by codicil or a new will. Or, even if we suppose she had the intention when she made her will, still it is only by way of conjecture or inference that we can so suppose ; the intention does not appear in " express terms," as the statute requires, and an intention which the will does not duly demonstrate is as inoperative as if it had never existed. As to the suggestion that there is some inadvertence in the language of the twelfth clause, we can only say that we do not find the slightest reason for thinking that that clause is not in word and letter precisely as the testatrix intended to have it.

*Samuel R. Honey*, for Lorillard.

*William P. Sheffield*, for the executors.